IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Colon, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 9152 |
| Capital Management Service, LP, a Delaware limited partnership, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Richard Colon, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Richard Colon ("Colon"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for a Citibank account, despite the fact that he had exercised his rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CMS operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CMS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant CMS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Colon is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Citibank account. When CMS began trying to collect this debt from Mr. Colon, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and CMS's collection actions.

8. Accordingly, on April 22, 2014, one of Mr. Colon's attorneys at LASPD informed CMS, in writing, that Mr. Colon was represented by counsel, and directed

2

CMS to cease contacting him, and to cease all further collection activities because Mr. Colon was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and the fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant CMS sent a collection letter, dated August 20, 2014, directly to Mr. Colon, which demanded payment of the Citibank debt. A copy of this collection letter is attached as Exhibit D.

10. Accordingly, on October 30, 2014, one of Mr. Colon's LASPD attorneys had to write to Defendant CMS yet again to demand that it cease communications and cease collection of the debt. Copies of this letter and the fax confirmation are attached as Exhibit E.

11. Defendant CMS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant CMS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Colon's, agent/attorney, LASPD, told Defendant

CMS to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment (Exhibit D), Defendant CMS violated § 1692c(c) of the FDCPA.

16. Defendant CMS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant CMS knew that Mr. Colon was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant CMS to cease communicating with him. By sending the August 20, 2014 letter (Exhibit D) directly to Mr. Colon, despite being advised that he was represented by counsel, Defendant CMS violated § 1692c(a)(2) of the FDCPA.

20. Defendant CMS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Richard Colon, prays that this Court:

1. Find that Defendant CMS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Colon, and against Defendant CMS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Richard Colon, demands trial by jury.

            Richard Colon,

            By: /s/ David J. Philipps
            One of Plaintiff's Attorneys

Dated: November 14, 2014

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5